[Wofford et als. v. Baker.]

# Wofford *et als. v.* Baker.

*Certiorari of Justice's Judgment to Circuit Court.*

1. *Action by married woman on note payable to herself.*—In an action by a married woman in her own name, on a promissory note payable to herself, a plea averring that the note " was given for certain accounts transferred to plaintiff directly by her husband," but not averring that the transfer was made during coverture, does not negative the fact that the note is held as part of her statutory estate, and is fatally defective.

APPEAL from Etowah Circuit Court.
Tried before Hon. JAMES E. COBB.
The facts sufficiently appear in the opinion.

DUNLAP & DORTON, for appellants.

AMOS E. GOODHUE, *contra.*

CLOPTON, J.—Three several suits were brought by appellee, in her own name, before a justice of the peace, against the appellant Wofford, on three promissory notes, which were made by Wofford payable to appellee. Judgments by default were rendered against Wofford by the justice of the peace, and the proceedings were afterwards removed by *certiorari* into the Circuit Court, where the three suits were consolidated. In the Circuit Court the defendant filed a special plea, averring substantially, that the plaintiff was a married woman at the time the suits were commenced, and at the time of filing the plea, residing with her husband in this State, and that the notes sued on " were given for certain accounts, which said accounts were transferred directly by H. H. Baker, husband of said plaintiff, to said Mary M. Baker, wife of said H. H. Baker." The special plea is founded on the theory, that when the husband conveys property directly to his wife, such conveyance generally creates in her an equitable separate estate.

While it is not necessary that a plea in bar should be of such degree of certainty as to preclude a conclusion otherwise, and is sufficient if it shows *prima facie* a bar to the action; when it is intended to deny the right of the plaintiff to bring the action, a plea is insufficient, which fails to allege facts negativing such right, if the right of the plaintiff to sue appears *prima*

[McQueen v. Logan et al.]

*facie* from the averments of the complaint. The presumption in this State is, so long after the passage of the acts, that the separate estate of a married woman is statutory, unless shown to be otherwise, and except where the rules of good pleading require the particular nature of the estate to be averred. The complaints, shown by the record, allege that the notes were made by the defendant payable to the plaintiff. The alleged facts constitute the notes the statutory separate estate of the plaintiff, unless their legal effect is disproved or negatived by other facts. A plea to the whole complaint should answer the entire action; and when the complaint alleges facts, which show the right of the plaintiff to bring the suit, which may be avoided, the plea should state the facts in avoidance. The coverture of the plaintiff at the time the suit was brought, and the notes being given for accounts transferred by her husband, do not, of themselves, constitute a defense to the action. It should have been alleged that the accounts were transferred pending the coverture; for if transferred before marriage, even in contemplation thereof, they became, on marriage, her statutory separate estate. The plea is in this respect fatally defective. Every fact stated in the plea may be true, and yet the notes be the statutory separate estate of the plaintiff.

Affirmed.